## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| DAVIEL POLANCO | : |
| 431 Barn Swallow Lane | : |
| Allentown, PA 18104 | : |
| | :    CIVIL ACTION |
|      Plaintiff, | : |
|    v. | :    No. _____ |
| | : |
| NATIONAL MAINTENANCE & BUILD | : |
| OUT COMPANY, LLC, d/b/a NMBOC | : |
| 1044 Pulinski Road | :    **JURY TRIAL DEMANDED** |
| Ivyland, PA 18974 | : |
|      and | : |
| JOHN FOLZ, individually | : |
| 1044 Pulinski Road | : |
| Ivyland, PA 18974 | : |
| | : |
|      Defendants. | : |

_____:

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1.     This action has been initiated by Daviel Polanco (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq.*), the Pennsylvania Minimum Wage Act ("PMWA" – 43 P. S. §§ 333.101 *et. seq.*), and the Pennsylvania Wage Payment and Collection Law ("WPCL" – 43 P. S. §§ 260.1 *et. seq).*  Plaintiff's employer, and the above-referenced individual, are liable for failing to pay Plaintiff overtime compensation and for intentionally evading state and federal wage obligations.  As a result, Plaintiff seeks damages as set forth herein.

## II.  JURISDICTION AND VENUE

2.        This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA.  There is supplemental and/or ancillary jurisdiction over Plaintiff's state-law claims asserted herein as they arise out of the same common nucleus of operative facts as his federal claims.

3.        This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this State and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4.        Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III.  PARTIES

5.        The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.        Plaintiff is an adult individual, with an address as set forth in the caption.

7.        National Maintenance & Build Out Company, LLC, d/b/a NMBOC (hereinafter "Defendant NMBOC") is a construction, repair and remodeling business incorporated and based in Pennsylvania.

8.        John Folz (hereinafter "Defendant Folz") is the President, Chief Executive Officer, and owner of Defendant NMBOC. Defendant Folz oversaw, managed, and handled compensation for management of Defendant NMBOC (including as to that of Plaintiff).

9.      At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.[1]

## IV.  FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff was employed with Defendants for almost 2 years until being terminated. Plaintiff's last physical day of work with Defendants was on or about March 15, 2020, and his termination was effective as of that date.

12.     Plaintiff primarily worked for Defendants in the area of construction wherein he was a Journeyman Carpenter, until his promotion to Site Supervisor in or about April of 2019.

13.     Plaintiff was not paid properly throughout his employment and remains owed a substantial sum of money.[2]  In particular, Defendants knowingly and intentionally violated state and federal wage law(s) to avoid employee taxation, employee contributions, and most prominently, overtime pay.

14.     At all times relevant during Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee who was paid an hourly rate.

---

[1] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012) (managers, owners, or corporate officers exercising control over wages or employee compensation are appropriate defendants under the FLSA and may be individually liable for such violations).  The regulations under state law are the same.

[2] From June of 2018 until June of 2019, Plaintiff was not paid any overtime compensation.  Throughout the entirety of Plaintiff's employment, Defendants also failed to properly pay Plaintiff for minimum wages and overtime related to his time worked at Defendants' shop and traveling, described *infra*.

15.     Plaintiff was originally hired at a pay rate of $28.00 per hour, which eventually increased to $31.00 per hour with his aforesaid promotion to Site Supervisor in or about April of 2019.

16.     Throughout Plaintiff's employment, he generally averaged at least 50 hours per week, or more.

17.     From in or about June of 2018 until in or about June of 2019, Plaintiff was paid hourly at the same rate for hours worked up to 40 hours per week ***and*** for hours worked after 40 hours per week.   Hence, Plaintiff was paid by what is commonly referred to as "straight time" for all hours worked for Defendants.

18.     Defendants knew that Plaintiff was unequivocally a non-exempt employee who should have been paid overtime for all hours worked over 40 hours per week at a rate of time and one half.

19.     Defendants, however, failed to pay Plaintiff one- and one-half times Plaintiff's regular rate of pay for each hour that he worked over 40 each workweek, from in or about June of 2018 until in or about June of 2019.

20.     Moreover, during the same time period (from in or about June of 2018 until in or about June of 2019), Defendants insisted upon paying Plaintiff **solely in cash** for any hours over 40 that he worked each week.

21.     Defendants paid Plaintiff for all hours worked over 40 per week (from in or about June of 2018 until in or about June of 2019) via cash to (unlawfully) avoid state and federal wage regulations.

22.     Plaintiff was shorted at a rate of $14.00 per hour for all hours per week (in overtime compensation) during the first 10 months of his employment with Defendants, by being only paid straight time for hours worked over 40 hours per week.

23.     Following his promotion to Site Supervisor in April of 2019, Plaintiff began to be shorted at a rate of $15.50 per hour for all hours per week (in overtime compensation) for the next few months.

24.     While Defendants eventually began to pay Plaintiff at a rate of time and one half for all hours worked over 40 each week via ordinary (and lawful) payroll, beginning in June of 2019 (presumably because of legal complications Defendants were encountering and/or further risk avoidance), Plaintiff remains owed overtime compensation, which by law, is required to be ***automatically doubled***.[3] Such damages are in addition to mandatory legal fees and other applicable damages under state and federal law(s).  *See* 29 U.S.C. § 216(b)(a prevailing plaintiff "shall" be entitled to attorney's fees).

---

[3] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc*., 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc*., 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County,* 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp*., 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

25.     In addition to Defendants' failure to pay Plaintiff at a rate of time and one half during the first year of his employment, Defendants also failed to pay Plaintiff (and other employees) for shop time and travel time as required pursuant to state and federal law.

26.     Specifically, each day prior to arriving at Plaintiff's designated work location away from Defendants' shop location, Plaintiff was ***required*** by Defendants to (among other work related activities) visit Defendants' shop location, receive assignments and other necessary information, pack a company vehicle with Defendants' tools and supplies needed for the particular job Plaintiff would be working on prior to leaving the shop, and then utilize Defendants' company vehicle to travel to the work site.

27.     Similarly, upon completing his work for the day at each job site, Plaintiff was required to return to Defendants' shop location and return the tools and company vehicle that were necessary for Plaintiff's work each day.

28.     In addition to the time Plaintiff spent working in the shop each day collecting tools, receiving assignments, and performing other tasks, Plaintiff (and numerous other employees) would often spend in excess of 1.5 to 2 hours per day traveling to work locations from Defendants' shop.

29.     Although Plaintiff was required by Defendants to perform these tasks (*see* Paragraphs 26-28, *supra*) at Defendants' shop prior to and after reporting to a job site each day, Defendants failed to fully compensate Plaintiff and others by deducting one hour from each workday for the time spent completing such tasks, which constitutes unpaid minimum wages and overtime (as stated *supra,* Plaintiff worked on average in excess of 50 hours per week; therefore, these additional hours should have been paid at a rate of time and one half).

30.     Additionally, Defendants agreed to provide vacation time for Plaintiff.

31.     At the time of Plaintiff's termination, he had approximately 40 remaining vacation days left that he had not utilized.

32.     Plaintiff was not properly paid for all of the vacation time owed to him following him termination.

33.     Defendants' actions in this regard are clearly willful, as in addition to the aforementioned malfeasance, Defendants have perpetrated during Plaintiff's employment pertaining to payment of wages and overtime, numerous employees, including Plaintiff, complained to Defendants management regarding Defendants' illicit pay practices and failure to pay wages on numerous occasions.  Rather than address these concerns, however, Defendants would instead threaten such complaining employees and would not take any action to address such wage violations.

34.     Therefore, Plaintiff seeks damages for Defendants' failure to pay him at a rate of time and one half for all hours worked during his employment with Defendants, and also minimum wages and overtime for time spent working at Defendants' shop location and traveling to and from Defendants' work sites thereafter, which he was not compensated for.

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Minimum Wages and Overtime Compensation)**
**- Against Both Defendants -**

35.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.     Plaintiff was not properly paid for all owed minimum wages and overtime as explained *supra*.  And such actions constitute violations of the Fair Labor Standards Act ("FLSA").

**Count II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Minimum Wages and Overtime Compensation)**
**- Against Both Defendants -**

37.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38.     Plaintiff was not properly paid for all owed minimum wages and overtime as explained *supra*.  And such actions constitute violations of the PMWA.

**Count III**
**Violation of the Pennsylvania Wage Payment and Collection Law ("WPCL")**
**(Failure to Pay All Wages Owed)**
**-Against Both Defendants-**

39.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40.     Defendants had an agreement with Plaintiff to pay Plaintiff for all hours worked during his employment.

41.     Plaintiff was not properly paid for all owed wages and overtime during his employment, as explained *supra*.  Such actions constitute violations of the WPCL.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to promulgate and adhere to a policy prohibiting overtime and wage violations;

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to all owed wages, overtime, past and

future lost earnings, benefits, pension or other employee perks, and other applicable compensation;

C.       Plaintiff is to be awarded actual damages to which he is equitably or legally entitled beyond those already specified herein;

D.       Plaintiff is to be awarded liquidated damages as permitted by applicable laws;

E.       Plaintiff is to be accorded other equitable relief as the Court deems just, proper, and appropriate;

F.       Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G.       Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

_____
Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020

Dated:  November 23, 2021

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

CIVIL ACTION

Daviel Polanco

v.

National Maintenance & Build Out Company, LLC, d/b/a NMBOC, et al.          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X )

| | | |
|---|---|---|
| 11/23/2021 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __431 Barn Swallow Lane, Allentown, PA 18104__

Address of Defendant: __1044 Pulinski Road, Ivyland, PA 18974__

Place of Accident, Incident or Transaction: __Defendants place of business__

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __11/23/2021__   _____ *Attorney-at-Law / Pro Se Plaintiff*   __ARK2484 / 91538__ *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*  *Federal Question Cases:*

1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
X 6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
   *(Please specify):* _____

*B.*  *Diversity Jurisdiction Cases:*

1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify):* _____
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
   *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __11/23/2021__   _____ *Attorney-at-Law / Pro Se Plaintiff*   __ARK2484 / 91538__ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| POLANCO, DAVIEL | NATIONAL MAINTENANCE & BUILD OUT COMPANY, LLC, D/B/A NMBOC, ET AL. |

**(b)**   County of Residence of First Listed Plaintiff    Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1  U.S. Government Plaintiff
- **X** 3  Federal Question *(U.S. Government Not a Party)*
- 2  U.S. Government Defendant
- 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | | | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | **X** 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | | 751 Family and Medical Leave Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X** 1  Original Proceeding
- 2  Removed from State Court
- 3  Remanded from Appellate Court
- 4  Reinstated or Reopened
- 5  Transferred from Another District *(specify)*
- 6  Multidistrict Litigation - Transfer
- 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201);
Brief description of cause:
Violations of the FLSA, PMWA and the WPCL.

## VII. REQUESTED IN COMPLAINT:

- CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   **X** Yes    No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
11/23/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Print          Save As...          Reset